UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>RIVERROCK PROPERTIES, LLC, et al.,<br><br>    Defendants. | No. 2:14-cv-2362-TLN-EFB<br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter came before the court on May 4, 2016, for hearing on plaintiff's motion for default judgment against defendant Nenas Mexican Restaurant, Inc. ("Nenas").[1] ECF No. 26. Attorney Amanda Lockhart appeared on behalf of plaintiff; no appearance was made by Nenas. For the reasons stated below, plaintiff's motion should be denied without prejudice.

I.    <u>Background</u>

Plaintiff initiated this action on October 8, 2014, alleging violations of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12101, *et seq.*, the California Unruh Civil Rights Act ("Unruh Act"), the California Disabled Persons Act, and a claim for negligence against defendants Riverrock Properties, LLC[2] and Nenas. ECF No. 1. The complaint seeks injunctive

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19). *See* 28 U.S.C. § 636(b)(1).

[2] Plaintiff previously settled his claims against the other named defendant, Riverrock Properties, LLC.

1

relief, attorneys' fees and costs, and damages under the Unruh Act. *Id*. at 7. The docket reflects that defendant Nenas was served with a copy of the summons and complaint on January 6, 2015. ECF No. 7. Despite being properly served, Nenas has not responded to the complaint. Plaintiff requested entry of Nenas's default, which the clerk entered on February 24, 2015. ECF Nos. 12, 13.

Plaintiff now moves for default judgment against Nenas. ECF No. 26. Plaintiff's motion seeks $4,000 in monetary damages under the Unruh Act, based upon one visit to Nenas Mexican Restaurant, as well as injunctive relief and attorneys' fees and costs. ECF No. 26-1 at 6-11.

According to the complaint, plaintiff has cerebral palsy and uses a wheelchair for mobility. Compl., ECF No. 1 ¶ 1. Defendant Nenas is the owner and operator of Nena's Mexican Cuisine restaurant (the "Restaurant") located at 455 W. Weber Avenue, Stockton, California. *Id*. ¶ 2. The Restaurant is a business establishment and place of public accommodation. *Id*. ¶ 8. The Restaurant does not have an accessible restroom and dining room. Specifically, there is not sufficient toe room or knee clearance under the tables in the dining room; the transaction counter is 48 inches in height; the doorway leading to the restroom is not wide enough for wheelchairs to enter the restroom; the doorway leading to the toilet is just 21 inches wide and also not wide enough for wheelchair access; the restroom stall has no grab bars; and the restroom mirror is mounted approximately 59 inches above the floor and may not effectively be used by wheelchair users. *Id*. ¶¶ 9-15.

II.     Discussion

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although a default established liability, it did not establish the extent of the damages).

A. <u>Americans with Disabilities Act</u>

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id*. § 12182(b)(2)(A)(iv). Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1)[he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or

operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive–Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

Although "[t]he Ninth Circuit has yet to rule on whether the plaintiff or defendant bears the burden of proof in showing that removal of an architectural barrier is readily achievable," the Ninth Circuit, and various district courts throughout the Ninth Circuit, have often applied the burden-shifting framework set forth in *Colorado Cross Disability Coalition v. Hermanson Family, Ltd.*, 264 F.3d 999 (10th Cir. 2001). *Vesecky v. Garick, Inc.*, 2008 WL 4446714, at *2 (D. Ariz. Sept. 30, 2008) (citing *Doran v. 7–Eleven, Inc.*, 506 F.3d 1191, 1202 (9th Cir. 2007) and various district court cases).[3] In *Colorado Cross*, the Tenth Circuit stated that the "[p]laintiff bears the initial burden of production to present evidence that a suggested method of barrier removal is readily achievable" and that if plaintiff meets that burden, the burden shifts to the defendant, who "bears the ultimate burden of persuasion regarding its affirmative defense that a suggested method of barrier removal is not readily achievable." *Colo. Cross Disability Coal.*, 264 F.3d at 1006.

In *Molski v. Foley Estates Vineyard and Winery*, LLC, 531 F.3d 1043 (9th Cir. 2008), the Circuit addressed *Colorado Cross* directly for the first time. The court declined to apply *Colorado Cross'* burden-shifting framework in the context of barrier removal from within historic

---

[3] In *Vesecky*, 2008 WL 4446714, at *3, the district court stated that the Ninth Circuit "applied *Colo. Cross* without much discussion" in *Doran v. 7–Eleven, Inc.*, 506 F.3d 1191, 1202 (9th Cir. 2007) (per curiam), withdrawn, 524 F.3d 1034 (9th Cir.2008). Although the *Doran* opinion cited by the district court in *Vesecky* was subsequently withdrawn and superseded on rehearing, the portion of the opinion relied on by the court in *Vesecky* was not altered in the later *Doran* opinion. *See Doran v. 7–Eleven*, 524 F.3d 1034, 1047–48 (9th Cir. 2008).

4

buildings and instead placed the burden squarely on the defendant.[4]  The court reasoned that by requiring "the entity undertaking alterations [to] consult with the State Historic Preservation Officer," the ADA guidelines for historic buildings place the burden on the "party with the best access to information regarding the historical significance of the building" rather than "on the party advocating for remedial measures."[5]  531 F.3d at 1048.

In *Vesecky*, an opinion addressing both *Colorado Cross* and *Molski*, the District of Arizona stated that while it was "mindful of the informational imbalance that may exist between plaintiffs and defendants with respect to the ease and cost with which architectural barriers may be removed . . . until the Ninth Circuit provides additional and specific instruction to the lower courts [it] will follow the overwhelming majority of federal courts that apply the burden-shifting framework of *Colo. Cross*, specifically in cases where a historic building is not at issue." *Vesecky*, 2008 WL 4446714, at *2.  This court agrees, especially in the context of a default judgment proceeding in which defendants have not appeared.  42 U.S.C. § 12181(9).

Plaintiff's complaint alleges that he is an individual with a disability, defendant Nenas is the owner and operator of the Restaurant, and that Nenas denied plaintiff public accommodation because of his disability.  Plaintiff also alleges discrimination based on lack of an accessible dining room and restroom due to a number of architectural barriers.  Plaintiff does not, however, specifically allege that the removal of any of the barriers is readily achievable.  *Parr v. L & L Drive–Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

/////

---

[4]  Although the Ninth Circuit declined to apply the *Colorado Cross* burden-shifting framework in *Molski*, it has favorably cited *Colorado Cross* elsewhere.  In *Lentini v. California Center for the Arts*, 370 F.3d 837, 845 (9th Cir. 2004), the Court of Appeals cited *Colorado Cross* for the proposition that whether a modification order will "fundamentally alter" a service or facility under Title III of the ADA is an affirmative defense.  The *Colorado Cross* court supported its holding that the whether removal of an architectural barrier is readily achievable under Title III of the ADA is an affirmative defense, and its resulting application of a burden-shifting test, by analogizing to the affirmative defense under the ADA's fundamental alteration provision.  264 F.3d at 1003–04.  The *Lentini* decision at least suggests that the Ninth Circuit is not altogether hostile to the reasoning that gave rise to the *Colorado Cross* burden-shifting test.

[5]  The court also stated that "congressional intent behind the ADA support[s] placing the burden of production on the defendant."  531 F.3d at 1048.

1 Instead, relying on *Wilson v. Haria and Gorgi Corp.*, 479 F. Supp. 2d 1127, 1133 n. 7
2 (E.D. Cal. 2007), plaintiff argues that whether removal of an architectural barrier is readily
3 achievable is an affirmative defense. ECF No. 26-1 at 10. That case alone does not solve the
4 problem for plaintiff here. It appears to adopt the reasoning of *Colorado Cross*, which further
5 held that where a plaintiff meets its initial burden of presenting evidence suggesting the removal
6 of the barrier is readily achievable, "[d]efendant then bears the ultimate burden of persuasion on
7 affirmative defense that barrier removal is not readily achievable." 264 F.3d at 1002-03. Thus,
8 while the allegations of plaintiff's complaint may be sufficient to state a claim, his burden on this
9 motion for default judgment is different. The court may take the well-pleaded allegations of his
10 complaint as true for purposes of satisfying the merits factor of *Eitel*, but it cannot assume
11 necessary facts that are not contained in the complaint. *Cripps v. Life Ins. Co. of N. Am.*, 980
12 F.2d 1261, 1267 (9th Cir. 1992). Even with the affirmative defense aspect of the "readily
13 achievable" question, for plaintiff to shift the ultimate burden of persuasion to the defense he still
14 bears an initial burden of presenting either factual assertions in the complaint, which in light of
15 the default may now be deemed proven, or alternatively present some evidence with this motion
16 that suggests the removal is readily achievable. Plaintiff's complaint contains no such allegations
17 and he presents no evidence at all on the matter with this motion.
18 The court notes that the removal of certain types barriers have been identified by
19 regulation as "examples to remove barriers." 28 C.F.R. § 36.304(b). Section 36.304(b)
20 specifically identifies the tasks of creating designated accessible parking spaces, widening doors,
21 rearranging furniture, installing accessible door hardware, installing grab bars in toilet stalls, and
22 installing a full-length bathroom mirror as such examples. But the legal consequence which
23 flows from a type of removal being listed in Section 36.304(b) is not specified by the regulation.
24 Instead, the language of the regulation simply lists categories and describes them as examples of
25 steps to remove the barriers. Some courts have concluded that "this means that the barriers cited
26 by plaintiff are per se readily achievable and plaintiff has therefore met his burden." *Johnson v.*
27 *Dhami*, 2014 WL 4368665, * at 2 (E.D. Cal. Sept.2, 2014); *see also Johnson v. Hall*, 2012 WL
28 1604715 (E.D. Cal. May 7, 2012). However, "[a]t least one court has held that that this

regulation establishes no such presumption." *Johnson v. Wayside Property, Inc.*, 41 F. Supp. 3d 973, 977 n. 4 (E.D. Cal.2014). The Ninth Circuit has characterized the list as "clarify[ing] which barriers are likely to be readily achievable and provide examples." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 28 C.F.R. § 36.304(b)(12)-(17) and Appendix B to part 36) ("The Department of Justice has referred to these examples as 'the types of modes measures that may be taken to remove barriers and that are likely to be readily achievable.'")).

Here, plaintiff has not only failed to allege any facts in the complaint that the corrections are readily achievable, he has submitted no evidence on the matter with this motion nor has he briefed the question of Section 36.304(b). Thus, while it may well be that the majority of the architectural barriers plaintiff encountered are readily removable, there is nothing in the record before the court on which it can conclude either as a matter of fact or law that they are. Therefore, plaintiff has failed to demonstrate by way of well pleaded allegations in the complaint which may be taken as proven or by actual evidence, that this element is satisfied. Accordingly, plaintiff has failed to adequately demonstrate that the second and third *Eitel* factors weigh in favor of granting a default judgment.

Many of the remaining *Eitel* factors weigh in favor of granting plaintiff's application for default judgment. As mentioned above, Nenas was served a copy of the summons and complaint,[6] but has failed to appear and defend against plaintiff's claims. Thus, it appears that Nenas's failure to respond is not due to excusable neglect. The sum of money at stake is relatively small and, when accepting plaintiff's allegations as true, there is little possibility of a dispute concerning material facts. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc., 219 F.R.D. at 500*; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Furthermore, plaintiff would potentially face prejudice if the court did not enter default judgment as Nenas has failed to respond to plaintiff's claims.

---

[6] Plaintiff, however, failed to serve Nenas with a copy of his motion for default judgment. *See* ECF No. 26-13.

However, there is a strong policy in deciding cases on the merits. *Eitel*, 782 F.2d at 1472. ("Cases should be decided upon their merits whenever reasonably possible."). Given this policy, and that plaintiff has failed to sufficiently plead a violation of the ADA or establish the merits of his claim, he is not entitled to default judgment on his ADA claim.

B. Unruh Civil Rights Act

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). To prevail on his disability discrimination claim under the Unruh Civil Rights Act, plaintiff must establish that (1) he was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) his disability was a motivating factor for this denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm. Cal. Civil Jury Instructions (BAJI), No. 7.92 (Fall 2009 Revision). Additionally, any violation of the ADA necessarily constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f); *see also Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 664 (2009).

Plaintiff's Unruh Act claim is based on defendant's alleged violation of the ADA. ECF No. 1 ¶ 41 ("Because the defendants violated the plaintiffs' [sic] rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages."). As explained above, plaintiff has failed to show that he is entitled to default judgment based on defendant's alleged violation of the ADA. Accordingly, on the record currently before the court plaintiff is also not entitled to default judgment on his Unruh Act claim.

/////
/////
/////
/////

III.     Conclusion

For the reasons state above, it is hereby RECOMMENDED that plaintiff's application for default judgment (ECF No. 26) be denied without prejudice to a subsequent properly-supported motion.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 14, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9