UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>RIVERROCK PROPERTIES, LLC, et al.,<br><br>Defendants. | No. 2:14-cv-2362-TLN-EFB<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

This case is before the court on plaintiff's motion for entry of a default judgment against defendant Nenas Mexican Restaurant, Inc. ("Nenas").[1] ECF No. 34. For the reasons stated below, it is recommended that plaintiff's motion be granted in part and denied in part.[2]

I. Background

Plaintiff initiated this action on October 8, 2014, alleging violations of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12101, *et seq*., the California Unruh Civil Rights Act ("Unruh Act"), the California Disabled Persons Act, and a claim for negligence against

/////

/////

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19). *See* 28 U.S.C. § 636(b)(1).

[2] The court determined that oral argument would not materially assist in the resolution of plaintiff's motion and the matter was ordered submitted on the briefs. ECF No. 38; *see* E.D. Cal. L.R. 230(g).

1

defendants Riverrock Properties, LLC[3] and Nenas. ECF No. 1. The complaint seeks injunctive relief, attorneys' fees and costs, and damages under the Unruh Act. *Id*. at 7. The docket reflects that defendant Nenas was served with a copy of the summons and complaint on January 6, 2015. ECF No. 7. Despite being properly served, Nenas has not responded to the complaint. Plaintiff requested entry of Nenas's default, which the clerk entered on February 24, 2015. ECF Nos. 12, 13. Plaintiff moved for default judgment against Nenas. ECF No. 26. That motion was denied without prejudice because plaintiff failed to allege or introduce evidence that the architectural barriers he encountered were readily removable. *See* ECF Nos. 28 31. Plaintiff has renewed his motion and seeks $4,000 in monetary damages under the Unruh Act, as well as injunctive relief and attorneys' fees and costs. ECF No. 34-1.

According to his complaint, plaintiff has cerebral palsy and uses a wheelchair for mobility. Compl., ECF No. 1 ¶ 1. Defendant Nenas is the owner and operator of Nena's Mexican Cuisine restaurant (the "Restaurant") located at 455 W. Weber Avenue, Stockton, California. *Id*. ¶ 2. The Restaurant is a business establishment and place of public accommodation. *Id*. ¶ 8. The Restaurant does not have an accessible restroom and dining room. Specifically, there is not sufficient toe room or knee clearance under the tables in the dining room; the transaction counter is more than 36 inches above the floor; the doorway leading to the restroom and the doorway leading to the toilet are not wide enough for wheelchair access; the restroom stall has no grab bars; and the restroom mirror is mounted more than 4.0 inches above the floor. *Id*. ¶¶ 9-15. Plaintiff alleges that he encountered these architectural barriers during a visit to the restaurant in August 2014. *Id*. ¶ 7.

II. Discussion

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*,

---

[3] Plaintiff previously settled his claims against Riverrock Properties, LLC.

238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although a default established liability, it did not establish the extent of the damages).

A. <u>Americans with Disabilities Act</u>

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id*. § 12182(b)(2)(A)(iv). Under the ADA, the term

readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1)[he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive–Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

The complaint alleges that plaintiff is an individual with a disability, defendant Nenas is the owner and operator of the Restaurant, and that Nenas denied plaintiff public accommodation because of his disability. Plaintiff also alleges discrimination based on lack of an accessible dining room and restroom due to a number of architectural barriers.

Although the complaint fails to allege that encountered architectural barriers are removable, plaintiff submits evidence sufficient to show that removal of the architectural barriers is achievable. Specifically, plaintiff's evidence indicates that the inaccessible transaction counter can readily be rendered accessible by lowering it to a height of no more than 36 inches for less than $1,000, or that an alternative counter could be provided for disabled patrons at a lower expense. ECF No. 34-13. This evidence is sufficient to establish that the removal of the inaccessible transaction counter is readily achievable. *Cf.* 28 C.F.R. 36.304 (identifying examples of barriers that can be removed without much difficulty or expense).

As for the remaining architectural barriers, plaintiff's motion indicates that they have since been removed. Plaintiff asserts that "a dining compliant table has been purchased for the facility and installed." ECF No. 34-1 at 11; *see* ECF No. 34-15 (picture of accessible table). He also submits evidence indicating that the Restaurant has posted a sign that directs patrons to an
/////

4

accessible bathroom.[4]  ECF No. 34-14; 34-6 at 6.  Plaintiff contends that since these architectural barriers have already been removed, he has established that their removal was readily achievable. ECF No. 34-1 at 10-11.  However, he overlooks that the removal of the noncompliant barriers moots his ADA claim as to those barriers.  *See also Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA-only injunctive relief is available for violations of Title III"); *Fisher v. SJB–P.D. Inc.*, 214 F.3d 1115, 1120 (9th Cir. 2000) ("Monetary relief is not an option for private individuals under Title III of the ADA.").

Based on the foregoing, the merits of plaintiff's substantive claims and the sufficiency of the complaint weigh in favor of default as to the Title III discrimination claim, but only as to the inaccessible transaction counter.  As noted, the remainder of plaintiff's ADA claim is moot.

Furthermore, many of the remaining *Eitel* factors weigh in favor of granting plaintiff's application for default judgment.  Nenas was served a copy of the summons and complaint, as well as a copy of the instant motion for default judgment, but has failed to appear and defend against plaintiff's claims.  ECF Nos. 7, 34-16.  Thus, it appears that Nenas's failure to respond is not due to excusable neglect.  The sum of money at stake is relatively small and, when accepting plaintiff's allegations as true, there is little possibility of a dispute concerning material facts.  *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc., 219 F.R.D. at 500*; *PepsiCo, Inc.*, 238 F.Supp.2d at 1177.  Furthermore, plaintiff would potentially face prejudice if the court did not enter default judgment as Nenas has failed to respond to plaintiff's claims.  Although there is a strong policy in deciding cases on the merits, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.  *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see Craigslist, Inc. v. Naturemarket, Inc.*, 2010 WL 807446, at *16

---

[4] Plaintiff concedes that the sign directing customers to a compliant bathroom is a readily achievable fix for the violations, but notes that the sign was not posted at the time of his visit. ECF No. 34-1 at 10.

(N.D. Cal. Mar. 5, 2010); *ACS Recovery Servs., Inc. v. Kaplan*, 2010 WL 144816, at *7 (N.D. Cal. Jan. 11, 2010); *Hartung v. J.D. Byrider, Inc.*, 2009 WL 1876690, at *5 (E.D. Cal. June 26, 2009).

Accordingly, plaintiff is entitled to default judgment on his ADA claim that Nenas failed to provide an accessible transaction counter.

B. <u>Unruh Civil Rights Act</u>

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). To prevail on his disability discrimination claim under the Unruh Civil Rights Act, plaintiff must establish that (1) he was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) his disability was a motivating factor for this denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm. Cal. Civil Jury Instructions (BAJI), No. 7.92 (Fall 2009 Revision). Additionally, any violation of the ADA necessarily constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f); *see also Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 664 (2009).

Plaintiff's Unruh Act claim is based on defendant's alleged violation of the ADA. ECF No. 1 ¶ 41 ("Because the defendants violated the plaintiffs' [sic] rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages."). As explained above, plaintiff has established that Nenas violated the ADA by having a transaction counter with a height of more than 36 inches. Accordingly, plaintiff is entitled is also entitled to default judgment on his Unruh Act claim.

C. <u>Attorney's Fees and Costs</u>

Plaintiff also requests attorney's fees and costs. ECF No. 34-115-16. Plaintiff requests $440.00 in filing fees and service costs, which the court finds reasonable.

Plaintiff also seeks $4,080 in attorney's fees. In determining the reasonableness of attorney's fees, the Ninth Circuit uses the lodestar method. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). In applying the lodestar method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Id*. Plaintiff's counsel, Mark Potter, indicates that he spent 9.6 hours on this case and that his hourly billing rate is $425. Decl. of Mark Potter, ECF No. 34-4 ¶ 5. He further states that he is the founding member of his law firm and that he has 23 years of experience handling disability related issues. *Id*. ¶ 6. Although the court finds that the number of hours expended in handling this matter appears reasonable, it finds the hourly rate of $425 excessive. Judges in this district have recently found that $300 an hour is a more appropriate rate for the work performed by plaintiff's counsel in cases similar to the instant case. *See Johnson v. Swanson*, 2:15-cv-215-TLN-DB, 2017 WL 3438735 (E.D. Cal. Aug. 10, 2017) ("[T]he Court finds $300 per hour is a reasonable rate for Mr. Potter."); *Johnson v. Wayside Property, Inc.*, 2:13-cv-1610-WBS-AC, 2014 WL 6634324, at * 8 (E.D. Cal. Nov. 21, 2014) (awarding Mr. Potter attorney's fees at a rate of $300 an hour); The court finds these cases persuasive. Accordingly, plaintiff is entitled to receive $2,880 (9.6 x $300) in attorney's fees.

III. Conclusion

For the reasons state above, it is hereby RECOMMENDED that:

1. Plaintiff's application for default judgment (ECF No. 34) be granted as to plaintiff's ADA and Unruh act claim predicated on Nenas's failure to provide an accessible transaction counter. The motion be denied as to all other claims.

2. Plaintiff be awarded statutory damages in the amount of $4,000.

3. Plaintiff be granted an injunction requiring defendant Nenas to provide an accessible transaction counter that is no more than 36 inches above the floor.

4. Plaintiff be awarded costs and attorney's fees in the amount of $3,320.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 28, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE